## Automatic Vending Sales Company v. City of Johnstown

*Edward J. Harkins,* for plaintiff; *Tillman K. Saylor,* for defendant.

GREER, J., May 9, 1933.—This case is on a petition for a declaratory judgment, and the facts are not in dispute. Plaintiff is the owner of approximately 50 machines, costing an average of $50 each, which automatically release a package of cigarettes upon the insertion in a slot of a 10-cent piece. The average monthly earnings on each machine are about $2.50. These machines are placed in various business houses, whose owners or lessees also pay a city license.

The City of Johnstown has a valid ordinance in conformity to the provisions of The Third Class City Law of June 23, 1931, P. L. 932, sec. 2601, relating to the levy of license taxes for revenue in cities of the third class, by the terms of which the maximum license is $100 annually. On January 2, 1933, the city enacted an ordinance entitled: "An ordinance providing for the levy and collection of an annual license tax upon all coin-taking and vending machines in the City of Johnstown and imposing penalties for the violation of the same." This ordinance assessed $10 upon penny and $25 upon 5-cent machines, and provided that individuals, companies, or corporations maintaining coin-vending machines so assessed or having charge of the premises upon which they are located, upon refusal to pay such tax, should be subject to a fine of not less than $2 or more than $25, and in default of payment of such fine and costs should be imprisoned in the city or county jail for a period not exceeding 10 days.

The tax, by its terms, is upon "all coin-taking and vending machines", and literally construed would subject these robots to fine and imprisonment upon noncompliance with its terms. Perhaps we may interpret the title to mean the owner or person in possession of the machines, although the ordinance by its terms (section 3) provides: "In case the licensee or person or persons in possession of the premises where a vending machine is located, refuses to exhibit the license when requested as aforesaid, or refuses to pay the tax hereby levied and assessed", he shall be liable to the fine and penalty thereby imposed.

To impose a license tax of the nature defined in this ordinance would be unlawful: First, because it would be discriminatory; and, secondly, because it would be unreasonable. It is discriminatory in that it imposes a tax differently rated upon persons engaged in the same business. It is unreasonable because it undertakes to impose a tax in a sum beyond the maximum allowed by law. For illus-

tration: A department store merchant in this age of ever-increasing invention might install a device similar to the one in discussion for each of 1,000 articles, for which he would be assessed under this ordinance the tidy sum of $25,000 annually. Such a method of obtaining revenue is doubtless highly alluring, but unfortunately one that has not yet received the sanction of law. Under the present tax, plaintiff would have 50 machines for which he would pay annually into the treasury the sum of $1,250. Such accumulation is not permitted: Cupp Grocery Co. v. Johnstown, 288 Pa. 43. This would be "to pile Pelion on Ossa" with a vengeance. Merely to state the case in its barest outline is to give it instant refutation.

Wherefore we declare ordinance No. 2008 of the City of Johnstown illegal and void, and render judgment for the plaintiff against the defendant, costs to be paid by the defendant, May 9, 1933.

From Henry W. Storey, Jr., Johnstown, Pa.